**Larry E. Parrish**

| | |
|---|---|
| **From:** | Whitney_Bailey@tnwd.uscourts.gov |
| **Sent:** | Monday, December 06, 2010 11:14 AM |
| **To:** | Larry E. Parrish |
| **Subject:** | Re: United States v. Williams, No. 2:10cr20174-M1 (W.D. Tenn., Memphis) |

Mr. Parrish-

This email is in response to your inquiries regarding the presentence investigation report I
prepared for the court.  The information contained in the  offense conduct section and
subsequently used to calculate the sentencing guidelines was obtained from the Government's
investigative file.  The information included investigative reports conducted by the FBI,
EPA, and TDEC as specified in my report.  The probation officer was not involved with any
prior meetings held between yourself, your client and the
United States Attorney's office.   However, the court, including the
probation office, are not bound by any prior agreements or conclusions made
by counsel.   As for the information contained in the prior criminal
conviction narrative, as specified in the report, it was a synopsis of the offense conduct
contained in the prior presentence report that was adopted by the court at the time of
sentencing by the Honorable Julia S. Gibbons.
I respectfully submit that "some college" included in the identifying data section accurately
depicts your clients prior education and the actual amount of college courses completed is
specified under the education section.


Whitney Bailey
US Probation Officer
Western District of Tennessee
(901)495-1411
(901)495-1278 (fax)




| | |
|---|---|
| **From:** | "Larry E. Parrish" <Parrish@parrishandshaw.com> |
| **To:** | "whitney_bailey@tnwd.uscourts.gov" |
| | <whitney_bailey@tnwd.uscourts.gov> |
| **Cc:** | Lela Canter <lela@parrishandshaw.com>, Megan McCune |
| | <MMcCune@parrishandshaw.com> |
| **Date:** | 12/03/2010 03:31 PM |
| **Subject:** | United States v. Williams, No. 2:10cr20174-M1 (W.D. Tenn., |
| | Memphis) |



Dear Ms. Bailey,

Please see the attached letter from Mr. Parrish in regards to Johnnie Williams' Presentence
Report. Please contact our office if you have any questions.

Thanks very much,
Emily Butler
Legal Assistant to:

Larry E. Parrish, Esq.                                    1

# Exhibit B

Parrish & Shaw
775 Ridge Lake Boulevard
Suite 145
Memphis, Tennessee 38120
' phone:  (901) 766-4388
' fax: (901) 766-4389
* email: parrish@parrishandshaw.com

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or
more U.S. federal tax issues is contained in this communication (including in any attachments
and, if this communication is by email, then in any part of the same series of emails), such
advice was not intended or written by the sender or by Larry E. Parrish, PC to be used, and
cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or
(2) promoting, marketing or recommending to another party any transaction or tax-related
matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is
privileged at law. It is not intended for transmission to, or receipt by, any unauthorized
persons.
If you have received this electronic mail transmission in error, please delete it from your
system without copying it, and notify the sender by reply e-mail, so that our address record
can be corrected.
 [attachment "Ltr. to Whitney Bailey 12.3.10.pdf" deleted by Whitney Bailey/TNWP/06/USCOURTS]

Exhibit B

PARRISH & SHAW

AN ASSOCIATION OF ATTORNEYS

775 RIDGE LAKE BLVD.
SUITE 145
MEMPHIS, TN 38120

TELEPHONE 901-766-4388
FACSIMILE 901-766-4389
EMAIL PARRISH@PARRISHANDSHAW.COM

December 3, 2010

Whitney Bailey
United States Probation Office
234 Federal Building
167 N. Main Street
Memphis, Tennessee 38103

Via Email:
Whitney_Bailey@tnwd.uscourts.gov

Re:  *United States v. Williams, No. 2:10cr20174-M1 (W.D. Tenn., Memphis)*

Dear Ms. Bailey:

As counsel of record for Johnnie James Williams, we received a Presentence Investigation Report prepared by you on November 9, 2010. This is our initial response making certain observations from your Presentence Report. Within the time allotted, we would expect to have a more thorough statement, but, until we are advised as to the content of your final Presentence Report, we cannot be sure what needs to be included in our more thorough response.

Our main need for explanation involves what you have included as enumerated paragraph 19 on page 5. More particularly, that paragraph states: "**Specific Offense Characteristics**: Offense involved transportation, treatment, storage or disposal without a permit or in violation of a permit § 2Q1.2(b)(4)." For this you have assigned a +4.

On May 17, 2010, a paralegal in this office, Lela Canter, and the undersigned engaged in a telephone conversation with Mr. Fabian. The simultaneous notes made by Mrs. Canter state as follows:

> LEP: Do you have the guidelines figured out and/or have an idea of
>      where you are?
> JF: I think it was 12-18. Is Art [Quinn] not involved anymore?
> LEP: No.
> JF: An issue led to this is that there is a base level of 8, 4 level
>      enhancement, 4 expense level, 4 level enhancement for illegal
>      waste storage that puts you up to 16. Then he can get 3 point

Exhibit B

Ltr. to Whitney Bailey
December 3, 2010
Page 2 of 5

deduction for no litigation which would put it at 13, but then prior
conviction makes it 15-21 mo.

Subsequent to this, on August 9, 2010, Lela Canter, and I, with Mr. Williams, met Mr.
Fabian and Mr. Andre' in the United States Attorney's Office. That was a wide ranging meeting, but
part of it included, again, going over the guidelines and reiterating what had previously been stated
on May 17, 2010.

Your Presentence Report adds 4 points and, by enumerated paragraph 56, page 12, you
report a "Guideline imprisonment range" of 33-41 months. Obviously, this is a substantial difference
from the 15-21 months which had previously been discussed with Mr. Fabian.

I speculate that part of this difference comes from how you describe the offense in
enumerated paragraph 17, page 5: "ongoing, continuous, or repetitive discharge, release or
emission ... ."

Respectfully, this is a description that materially departs from what you quote in
enumerated paragraph 14, page 5 as the words of Mr. Williams: "I accept responsibility for the one
count (regarding) the hazardous waste that was found on my property. It is my responsibility."

The "found on my property" is a description of what the statute refers to as "storage." As
repeatedly stated by Mr. Williams, "storage" is enough to render Mr. Williams guilty as charged.
However, "ongoing, continuous, or repetitive discharge" or "ongoing, continuous, or repetitive
release" or "ongoing, continuous, or repetitive emission" or "transportation" or "treatment" or
"disposal" are verbs describing conduct for which Mr. Williams has not taken responsibility because
it is substantially different from any act/omission in which he engaged. We thought that this was
understood and are a bit confused when seeing your Presentence Report attribute such conduct to
him.

As for the "**Offense Conduct**," described in enumerated paragraphs 5, 6, 7, 8, 9, 10 and 11
of your Presentence Report, there are no attributions, except three references to "**Williams
admitted**" found in enumerated paragraphs 10 and 11.

We would appreciate knowing the source of the information you used to draw the
conclusions that are set out in the identified paragraphs. Also, when you attribute a source as
being "Williams admitted," we would appreciate knowing exactly what words Mr. Williams used to
state what you describe as being an admission by Mr. Williams. Without in any way criticizing, we
have found that, with complete innocence on the part of the persons exchanging words, when

Exhibit B

Ltr. to Whitney Bailey
December 3, 2010
Page 3 of 5

communicating with Mr. Williams, results in substantially different meanings being derived from the words used.

As I am sure you noticed Mr. Williams has a speech impediment that creates a problem in knowing precisely what is being said. On top of that, Mr. Williams sometimes answers or responds as if he understands what has been said when, in fact, he did not find out whether what he thought was said is what really was said. Many witnesses can attest to this, including yours truly.

In the first paragraph of text on page 6 of your Presentence Report, you make reference to "solvents" and "other chemicals" without further specification. This leaves unaddressed whether what you refer to as "solvents" and "other chemicals" is a reference to substances that are regulated as hazardous materials. If what you describe as "solvents" and "other chemicals" has reference to substances that are not regulated as hazardous materials, this begs the question of how the "cleaning process generated hazardous waste." These are very important questions that must be answered with precision in order to assess, not guilt, but the level of culpability.

In that same paragraph you make reference to "the remaining hazardous waste" and to "Additional hazardous waste" without further specification. This raises the same important questions.

When, in the same paragraph, you state: "Many of the drums received by the defendant were never reconditioned and recycled.", there is no specification as to what "Many" consists of.

In the same paragraph the term "hazardous waste" and the words "Many" and "frequently" are so vague and not otherwise defined that they tend to create confusion or, at least, have the potential for erroneous impressions, and, for this reason, we would request either further definition and delineation or excision of this paragraph.

With "hazardous wastes" and the quantity of what are "hazardous wastes" is a consideration of major significance. There are substances, in residue form, that are not regulated as "hazardous wastes." So, the question always becomes whether or not a substance that, in other contexts, would be classifiable as a "hazardous waste" was or was not regulated as a "hazardous waste."

The paragraph of which I speak makes none of these critically important fine points and leaves a reader open to assume the worst and make a judgment about an appropriate sentence based upon what might very well be a false assumption.

f:\clients\williams.johnnie\correspondence\ltr. to whitney bailey 12.3.10.doc

# Exhibit B

Ltr. to Whitney Bailey
December 3, 2010
Page 4 of 5

Again, it would be impossible for anyone to know how much weight to give to what appears in the subject paragraph because there is no attribution as to the source of what is there stated. Most of what is stated is conclusory.

In an effort to eliminate the generalities and the conclusory statements that have been made concerning the acts/omissions of Mr. Williams, I provided to you a sworn oral deposition given by Mr. Williams as he responded to questions being put to him by an attorney for EPA and two EPA investigators. These interrogators were interested in getting beyond the conclusory and to the particulars to determine exactly what Mr. Williams did, stated in minute detail. This deposition was given subject to the penalties of perjury and consumed virtually an entire day. Since that deposition, Mr. Williams has gathered additional information requested by the EPA attorney and investigators and made himself available for further detailed questioning.

We would respectfully request that Mr. Williams' deposition be incorporated by reference as part of your Presentence Report in order that a true, detailed and accurate statement by Mr. Williams can be provided for use by the court. That to which Mr. Williams testified in that sworn oral deposition can accurately be described as an admission by him. Beyond that, to describe as an admission by Mr. Williams a conclusion drawn by another, particularly if what is reported in your Presentence Report is hearsay or double hearsay, is questionable.

In enumerated paragraphs 33 and 34, on pages 7-8, of your Presentence Report, you refer to two General Sessions Court proceedings against Mr. Williams that were dismissed. Hopefully, you have the letter from The Honorable Larry Potter, General Sessions Judge, commending Mr. Williams for the cleanup he accomplished with respect to the claims made by those dismissed General Sessions Court proceedings.

On page 2 of the Presentence Report, it is stated that Mr. Williams' education included "Some College." It is paragraph 44 on page 10 before it is reported as follows: "In September 1964, the defendant was admitted to Coahoma Junior College, located in Clarksdale, Mississippi. Records received from Coahoma attended **1 quarter** and **withdrew from most classes**." (emphases added).

We would hope that, at the first mention of Mr. Williams and "college," what is meant by "college" could be specified. It is, in our humble opinion, a bit of an overstatement for one to conclude that Mr. Williams is college educated to any degree. It is possible for you to reference Mr. Williams' deposition for an elaboration of Mr. Williams' education. The truth is that he is marginally literate.

Exhibit B

Ltr. to Whitney Bailey
December 3, 2010
Page 5 of 5

    In enumerated paragraphs 42 and 43, page 10, of the Presentence Report, the word "documented" is used in a way that could be read to throw doubt on what Mr. Williams stated. We would suggest that, unless there is some belief or evidence that Mr. Williams' statements are not accurate, the references there made to be lack of documentation are misleading.

    In the second paragraph of text on page 6 continuing onto page 7, there are statements made about the conviction of Mr. Williams in 1994 that appear to be authoritative but have no sourcing. If this is a statement copied from some other Presentence Report or other source, we would respectfully suggest that the place from which the copying was done be revealed.

    Unless you, as the author of the November 10, 2010 report, could make oath to the truth and accuracy of what is stated in that paragraph, we think fairness dictates that this Presentence Report be inclusive of the caveat that the author has no way of knowing whether or to what extent the statements in that paragraph are accurate or are inaccurate.

    The observations made in this letter should not be interpreted in any way as criticism of your work. What is stated simply relates questions that have come to mind as the Presentence Report has been studied.

    Thank you for your consideration.

Respectfully Submitted,

LARRY E. PARRISH, P.C.

By: _____

Larry E. Parrish

LEP/eb

Exhibit B